IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZACHARY BLAIR, FT-3513,   )
    Petitioner,   )
                                                    )
        v.   )   2:18-cv-1712
                                                    )
PENNSYLVANIA BOARD OF PROBATION   )
AND PAROLE, et al.,   )
    Respondents.   )

MEMORANDUM OPINION and ORDER

Zachary Blair an inmate at the State Correctional Institution-Greene has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Petitioner was sentenced to a seven to fourteen- year term of imprisonment on April 28, 2004 following his conviction of third- degree murder by the Court of Common Pleas of Allegheny County, Pennsylvania.[1] However, it is not this conviction about which he complains but rather the subsequent actions of the Pennsylvania Board of Probation and Parole ("the Board").

Blair was released on parole on July 12, 2012 with a maximum sentence expiration date of September 2, 2017 at which time 1878 days remained on his sentence.[2] On December 16, 2015 he plead guilty to conspiracy to commit simple assault and simple assault.[3] As a result, on February 3, 2016 the Board recommitted him as a convicted parole violator to serve 24 months when available.[4] On June 23, 2016, petitioner pled guilty to charges of conspiracy to commit criminal homicide and firearms violations.[5] As a result on November 2, 2016, the Board ordered

---

[1] See: Answer of the Commonwealth, Ex.1
[2] Id.
[3] Id. at Exhibit 2.
[4] Id. at Exhibit 3.
[5] Id. at Exhibits 4, 5 and 6.

the petitioner to be recommitted to serve the balance of his original sentence.[6] His remaining sentence was recalculated on December 14, 2016 requiring that he serve the balance of his unexpired sentence of five years and sixteen days with a parole maximum date of July 9, 2021.[7] Blair filed for an administrative review following which it was determined that his maximum date had been properly calculated and he was not entitled to any further relief.[8]

He now seeks relief here.

The relevant Pennsylvania statute, 61 Pa.C.S.A. § 6138(a)(2) provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and … shall be given no credit for the time at liberty on parole.

As a matter of state law this claim is not subject to challenge here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Finally, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for the imposition of the remainder of his sentence were based on the plaintiff's conduct outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

---

[6] Id. at Exhibit 7.
[7] Id. at Exhibits 8 and 9.
[8] Id. at Exhibits 10 and 11.

Thus, the record clearly demonstrates that Blair's re-incarceration on the original charges was not the result of a violation of any federally protected rights. Rather, the record demonstrates that at the time of his release on parole he still had a significant term remaining on his original sentence. Thus, the continuation of his incarceration after revocation is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: May 14, 2019                                                      s/ Robert C. Mitchell
                                                                                                                                   United States Magistrate Judge

ORDER

AND NOW, this 14th day of May 2014, for the reasons set forth in the foregoing Memorandum Opinion, the petition of Zachary Blair for a writ of habeas corpus (ECF No. 1) is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge